101 F.3d 712
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BEAUTY TIME, INC., Beauty Makers, Inc., and R. Richard Riso,
Plaintiffs-Appellants,
v.
VU SKIN SYSTEMS, INC., BJV, DPM Skin Systems, Inc., and
Marion M. Vujevich, Defendants-Appellees.
 No. 96-1447.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1996.
 
 Before RADER, Circuit Judge.
 
 ON MOTION
 ORDER
 
 1
 VU Skin Systems, Inc. et al. move to dismiss Beauty Time, Inc. et al.'s appeal for lack of jurisdiction. Beauty Time opposes. In the alternative, Beauty Time moves to transfer the case to the United States Court of Appeals for the Third Circuit.
 
 
 2
 In 1995, Beauty Time initiated a lawsuit in the United States District Court for the Western District of Pennsylvania against VU Skin Systems, alleging claims under the Lanham Act for trademark infringement, false advertising, false designation in interstate commerce, and fraud; a claim under a state anti-dilution statute; a claim for common law trademark infringement; and various common law tort and contract claims. On June 10, 1996, the district court dismissed the action. This appeal followed.
 
 
 3
 VU Skin Systems argues that this appeal should be dismissed because Beauty Time's claims are limited solely to trademark infringement and related issues arising under federal and state law. In response, Beauty Time argues that this court has jurisdiction because district courts have original jurisdiction over actions raising both trademark infringement and unfair competition claims. See 28 U.S.C. § 1338(b) ("The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws.").
 
 
 4
 Beauty Time misapprehends § 1338. In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988), the Supreme Court explained that § 1338 jurisdiction extends only to those cases in which a well-pleaded complaint establishes either that the federal patent law creates the cause of action or that the plaintiff's right to relief depends upon resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. In this case, it is clear that the district court's jurisdiction was not based on § 1338(a) and that this court lacks jurisdiction over Beauty Time's appeal.
 
 
 5
 Jurisdiction over this appeal properly lies with the United States Court of Appeals for the Third Circuit. Pursuant to 28 U.S.C. § 1631, if this court determines it does not have jurisdiction over an appeal it is required, "in the interest of justice," to transfer the appeal to the court in which the appeal properly lies.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) VU Skin Systems' motion to dismiss is denied.
 
 
 8
 (2) Beauty Time's motion to transfer to the United States Court of Appeals for the Third Circuit is granted.